■ In the Matter of JESSE MARKSAMER, Petitioner, v ELINOR GUGGENHEIMER, Respondent.—Determination of the respondent Commissioner of the Department of Consumer Affairs, dated October 21, 1974, suspending petitioner's license for a period of two months, unanimously modified, on the law, to the extent of reducing the suspension to a period of one month and otherwise confirmed, without costs or disbursements. The petitioner was charged by the respondent commissioner with filing a false affidavit of service. The affidavit of service stated that a summons and complaint was served on one Joseph Puleo by annexing a copy of the summons to the door of his premises and mailing an additional copy to him. The affidavit of service also stated that petitioner spoke to " 'Jane' Arillo, fellow tenant," who said that Puleo was not in at that time. The testimony adduced at the hearing led to the inference, inter alia, that the summons and complaint was not affixed to the door and Puleo denied receiving a copy in the mail. However, the evidence further revealed that the petitioner did appear at Puleo's home, since Puleo concedes that he found a copy of the summons and complaint on his front lawn. No "Jane" Arillo lived in the area or was known to the complaining witness Puleo. The hearing officer concluded that while petitioner appeared at Puleo's home, he nonetheless did not properly effect service. We find that the conclusions of the hearing officer are based

upon substantial evidence; however, we note that no other complaints have ever been lodged against petitioner, who has been a process server for more than 20 years. Under the circumstances, we find that the sanction imposed was excessive and we have modified it accordingly. Concur—Kupferman, J. P., Silverman, Lane and Nunez, JJ.